Robert Watson Overland Park City Attorney City Hall, 8500 Santa Fe Drive Overland Park, Kansas 66212
Dear Mr. Watson:
As city attorney you request an opinion concerning whether municipal courts have jurisdiction to hear cases alleging third and subsequent violations of the city's DUI ordinances in light of the 1993 amendments to the state DUI law (K.S.A. 8-1567).
K.S.A. 8-1567(f) states, in relevant part, as follows:
 "(f) On the third or a subsequent conviction of a violation of this section, a person shall be sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1000 nor more than $2500."
The 1993 amendment to K.S.A. 8-1567(f) (which is effective upon publication in the statute book, or July 1, 1993) states, in relevant part, as follows:
 "On the third or a subsequent conviction of a violation of this section, a person shall be guilty of a severity level 9, non-person felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1000 nor more than $2500." (Emphasis added).
You are concerned that the injection of the word "felony" may remove jurisdiction from the municipal court pursuant to K.S.A. 22-2601 which gives the district court exclusive jurisdiction to try felonies. However, municipalities may enact criminal-like statutes as a proper exercise of the police power absent preemption by the state or actual conflict with state law. City of Junction City v. Lee, 216 Kan. 495
(1975). Subsection (m) of K.S.A. 8-1567 specifically delegates to municipalities the authority to enact ordinances and resolutions proscribing this conduct as long as the minimum and maximum penalties parallel the statutory penalties. Consequently, it is our opinion that a city may enact ordinances prohibiting the conduct prohibited by K.S.A.8-1567(f) as long as the penalty provision is the same as the statute.
In Attorney General Opinion No. 83-79 we considered the issue of whether a municipal court had jurisdiction to hear a case in which a person was charged with a third or subsequent violation of a city ordinance which paralleled a statute falling under the uniform act regulating traffic on highways (K.S.A. 8-1401 — 8-2204). We concluded that the municipal court has jurisdiction to hear third and subsequent violations because K.S.A. 8-2001 authorizes municipalities to adopt additional traffic regulations which don't conflict with the uniform act. Consequently, an ordinance identical to a statute falling under the uniform act which provides penalties for third and subsequent convictions does not conflict with the act. Additionally, by virtue of K.S.A. 8-2001, the state has delegated to cities the authority to impose a sentence commensurate to that prescribed by the statute if a city has adopted a parallel ordinance covering the offense proscribed by the statute. Because the DUI statute falls under the uniform act a municipal court has jurisdiction to hear cases alleging third and subsequent violations of the city's DUI ordinances as long as the minimum and maximum penalties are the same as the penalties stated in K.S.A. 8-1567.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm